# Richmond.

## ANDREWS v. FITZPATRICK.

### December 1st, 1892.

PROCESS—*Service—Motion to quash.*—Unless the office of coroner is vacant, or the incumbent under disability, a constable cannot lawfully serve a process directed to the sheriff. Such is no legal service, and should be quashed. Code, §§ 893–'5, and § 3224.*

Error to judgment of circuit court of Bedford county, rendered in an action of unlawful detainer, June 16th, 1890, affirming a judgment of county court of said county, rendered January 28th, 1890, in which action the defendant in error, Fitzpatrick, was plaintiff, and the plaintiff in error, Andrews, was defendant. Judgment being for the plaintiff for the possession of the land in controversy, the defendant obtained a writ of error to this court. Opinion states the case.

*T. N. Williams,* for plaintiff in error.

*L. A. Sale* and *Saunders & Claytor,* for defendant in error.

LACY, J., delivered the opinion of the court.

The action was unlawful detainer, in the county court of Bedford county, by the appellee against the appellant. The case was tried in the county court by the judge, neither party requiring a jury, and judgment rendered for the plaintiff for the possession of the tract of land in controversy. Whereupon

---

* See ch. 701, p. 1083, Acts 1891–'2, amending Code, § 3224.

the defendant applied for and obtained a writ of error to the said circuit court, where the judgment of the county court was affirmed. Whereupon the case was brought to this court by writ of error.

The first error assigned is that the defendant moved the court to quash the writ of summons against him, upon the ground that the said summons was directed to the sheriff, whereas the sheriff was the party plaintiff, and because the summons was executed by a constable, who made return thereon as such, without affidavit.

The process being in this case one which it is unfit for the sheriff to execute, as he was personally interested in the suit, by section 893 of the Code of Virginia it was the duty of the coroner to execute the same, and whenever the office of coroner is vacant, by section 895 of the Code of Virginia, or the coroner is interested or not authorized to act, such process is to be directed to or done by a constable. Section 3207 of the Code of Virginia provides that any sheriff, sergeant, or constable, thereto required, shall serve a notice within his county or corporation, and make a return of the manner and time of service, and such return shall be evidence of the manner and time of service without affidavit, affidavit being required as to manner and time of service of any other person. Section 3220, as to process from any court, whether original, *mesne*, or final prescribes that it may be directed to the sheriff or sergeant of any county or corporation (with certain exceptions stated, not applicable here), and that if it appear to be duly served and good in other respects, it shall be deemed valid, although not directed to any officer, or, if directed to an officer, though executed by any other to whom it might lawfully have been directed.

By section 895 of the Code of Virginia, if the sheriff was an unfit person to act, process might be directed to the coroner; if there was no coroner in the county, or, there being

one, and he not being authorized to act, then the process might be directed to or service made by a constable.

In this case the sheriff was an unfit person for reasons stated, and if there was no coroner in the county, or if one, yet he was interested or not authorized to act, then the process might lawfully be directed to a constable and by him executed, and the process would be good, although improperly directed to the sheriff, or otherwise improperly directed. But a process directed to a sheriff cannot be lawfully executed by a constable, unless the office of coroner is vacant, or, being filled, the incumbent is under some disability by which he cannot be authorized to act. It is not proved nor suggested in the record that there was no coroner of this county, or that there was such coroner, but that he was not authorized to act by reason of interest or otherwise. The constable in 'this case was not authorized by law to execute this process; it was unlawfully executed by him as such.

By section 3224 a summons or *scire facias* may be served as a notice under section 3207, except that such process (unless it be a summons for a witness) shall, in all cases, be served by an officer—that is, by such officer as is by law authorized to serve it; and this officer, as we have seen, may be a sheriff or sergeant; and in certain cases by a coroner; and in certain other cases by a constable; but this does not appear by the record to be such process as may be served by a constable. It follows that there has been no legal service of process in this case, and the motion of the defendant to quash the same should have been sustained; and the county court erred in overruling this motion, and the circuit court erred in affirming the judgment of the said county court herein. And for this the judgment of the circuit court must be reversed and annulled; and it is unnecessary to consider the other assignment of error.

JUDGMENT REVERSED.